IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MRS. KUMUDINI M. KELSEY,<br>Plaintiff, | : FILED<br>: OCT 1 8 2017<br>: KATE BARKMAN, Clerk<br>By_____:___Dep. Clerk | CIVIL ACTION |
| v. | : | |
| MUHLENBERG COLLEGE,<br>Defendant. | :<br>: | NO. 17-4505 |

## MEMORANDUM

**STENGEL, Ch. J.**                                              OCTOBER 17, 2017

Plaintiff Kumudini M. Kelsey brings this civil action against Muhlenberg College based on allegations that the college is interfering with a marriage she entered into via telepathy. Plaintiff seeks leave to proceed *in forma pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss her complaint.

I.   **FACTS**

Plaintiff alleges that she married Jason Kelsey, a professor at Muhlenberg College, "by proxy," and "by telepathy." She claims that, since 2004, Muhlenberg College has been interfering with her marriage by, among other things, asking her husband not to associate with her and directing him to "become intimately involved with two of his coworkers." (Compl. at 3.) She also alleges that Muhlenberg College banned her from the campus and from communicating with faculty without giving a valid reason. Plaintiff notes that she does not mind the ban "except that other people impersonate [her] and spread false rumors about [her]." (*Id.* at 3.) She brings this lawsuit, apparently raising claims for loss of consortium.

1

## II. STANDARD OF REVIEW

Plaintiff's motion to proceed *in forma pauperis* is granted because it appears that she is incapable of paying the fees to commence this civil action. As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

Plaintiff's allegations that the defendant is interfering with a marriage entered into "by proxy" and "by telepathy" reflects that her claims are not grounded in reality. Accordingly, the Court concludes that this lawsuit is factually and legally baseless. However, even if plaintiff's claims were not factually baseless, there is no apparent basis for a claim within this Court's jurisdiction. The complaint is best construed as raising tort claims under state law. However, the Court lacks jurisdiction over those claims because it is apparent from the complaint that the parties are not diverse. *See* 28 U.S.C. § 1332(a) (granting district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."). Accordingly, there are no legal or jurisdictional grounds for this lawsuit to proceed in this Court.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Plaintiff will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.